PETER J. MESSITTE 6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE GREENBELT, MARYLAND 20770
 301-344-0632

MEMORANDUM

TO: Counsel of Record

FROM: Judge Peter J. Messitte

RE: Frierson v. Davis, et al.
 Civil No. PJM 15-1300

DATE: October 23, 2015

* * *

On August 14, 2015, the Clerk of the Court requested a Status Report from Plaintiff, ECF No. 21, noting that the docket showed no activity as to Defendant Ricky Lee Davis. Plaintiff filed a Status Report on August 28, 2015, ECF. No. 22, and, at the request of the Court, additional Status Reports on October 7, 2015 and October 9, 2015, ECF Nos. 24 and 25. The relevant documents attached to the Status Report include copies of a writ of summons from the Circuit Court for Montgomery County and a return receipt from certified mail addressed to Ricky Lee Davis in Florida.

The Court finds that there has not been effective service of process as to Davis. A review of the documents shows two deficiencies with service of process under the Maryland Rules.

First, Plaintiff did not serve on Davis a proper writ of summons. Under Maryland Rule of Procedure 2-112, the clerk of the court must issue a writ of summons for *each* Defendant:

> (a) Summons. Upon the filing of the complaint, the clerk shall issue forthwith a summons for each defendant and shall deliver it, together with a copy of each paper filed and a blank copy of the information report form required to be provided by Rule 16-202 b, to the sheriff or other person designated by the plaintiff. Upon request of the plaintiff, more than one summons shall issue for a defendant.

The Clerk for the Circuit Court for Montgomery County issued two writs of summons for Defendant Moore Freight Services, Inc., but did not issue a summons as to Defendant Ricky Lee Davis. *See* ECF. No. 3. Instead of requesting from the clerk a summons for Davis, Plaintiff appears to have handwritten Davis' name and address on what may have been a summons for Moore Freight Services. *See* ECF No. 25.

Second, Plaintiff failed to fulfill the requirements for service of process by means of certified mail. Under Maryland Rule 2-121, service may be completed through certified mail, provided that <u>restricted</u> delivery is requested:

> (a) Generally. Service of process may be made within this State, or when authorized by the law of this State, outside of this State . . . (3) by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail requesting: "Restricted Delivery--show to whom, date, address of delivery."

Restricted delivery ensures that the addressee or his agent receives and signs for the certified mail. Plaintiff did not use restricted delivery. As a result, someone other than Davis apparently signed for the certified mail, with initials that appear to be "SS." *See* ECF No. 25.

Given that Plaintiff failed to effect service of process, hereinafter Plaintiff **SHALL** have forty-five (45) days to properly effect service on Davis. The Clerk of this Court is **DIRECTED** to issue a writ of summons as to Defendant Ricky Lee Davis.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

cc: Court File